UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 3:21-cr-110 |
| v. | ) | |
| | ) | SENTENCING MEMORANDUM |
| JACOB PAUL BERMEL, | ) | |
| | ) | |
| Defendant. | ) | |

The government, by and through the undersigned Assistant United States Attorney, files this sentencing memorandum in anticipation of the sentencing hearing currently set for September 26, 2022, at 4:00 p.m.

## TABLE OF CONTENTS

I.    **BACKGROUND** ........................................................................................1

II.   **SENTENCING CALCULATION** .........................................................2

III.  **ISSUES TO BE RESOLVED** ...............................................................2

    1.    Whether the two-level enhancement for engaging in distribution, pursuant to USSG § 2G2.2(b)(3)(F), is applicable ...................................................................................................3

    2.    Whether application of both the five-level enhancement, pursuant to USSG § 2G2.2(b)(5), for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor and the five-level increase to the offense level, pursuant to USSG § 4B1.5(b)(1), for being a repeat dangerous sex offender is impermissible double counting ...............................................4

IV.  **GOVERNMENT'S RECOMMENDATION** ...........................................5

I.    **BACKGROUND**

On November 9, 2021, a three-count Indictment was filed charging Jacob Paul Bermel (the defendant) with Production of Child Pornography, on or between

1

January 5, 2020, through March 4, 2021 (Count One), in violation of 18 U.S.C. § 2251(a); Receipt and Distribution of Child Pornography, on or between July 27, 2012, through May 27, 2020 (Count Two), in violation of 18 U.S.C. 2252(a)(2), 2252(b)(1); and Possession of Child Pornography, on or about May 6, 2021 (Count Three), in violation of 18 U.S.C. § 2252(a)(4)(B), 2252(b)(2). A Notice of Forfeiture was also filed, pursuant to 18 U.S.C. § 2253 and 2428. (Final Presentence Investigation Report, hereinafter "PSR," ECF 67, ¶ 1.) The government filed objections to the draft PSR. (ECF 64.) The defendant filed objections to the draft PSR. (ECF 65.) However since that time, via email, defense has indicated that the objections to two calculations are withdrawn after review of the child pornography material. Those two include the two-level enhancement for material involving a prepubescent minor or a minor under the age of 12, pursuant to USSG § 2G2.2(b)(2) and the four-level enhancement for material that portrays sadistic or masochistic conduct or other depictions of violence, pursuant to USSG § 2G2.2(b)(4)(A). Therefore, there are three objections remaining.

On May 23, 2022, the defendant pleaded guilty to Counts One and three of the three-count Indictment. (PSR ¶ 2.) The government agreed to dismiss Count Two at the time of sentencing and recommend any sentenced imposed to be served concurrently.

## II. SENTENCING CALCULATION

In the presentence report paragraphs 44-60 and 105, the defendant's guideline range was calculated as follows:

Base Offense Level USSG - §2G2.2(a)(1)      18

| | |
|---|---:|
| Prepubescent/Minor Under 12 Years - USSG §2G2.2(b)(2) | +2 |
| Distribution Enhancement - USSG §2G2.2(b)(3)(F) | +2 |
| Sadistic/Masochistic Portrayal - USSG §2G2.2(b)(4)(A) | +4 |
| Pattern of Exploitation of a Minor - USSG §2G2.2(b)(5) | +5 |
| Use of a Computer Enhancement - USSG §2G2.2(b)(6) | +2 |
| 600+ Images Enhancement - USSG § 2G2.2(b)(7)(D) | +5 |
| Chapter Four Enhancement Offense Level - USSG § 4B1.5(b)(1) | 43 |
| Acceptance of Responsibility - USSG § 3E1.1(a), (b) | -3 |
| Total Offense Level | 40 |
| Criminal History Category | I |
| Guideline Sentencing Range: | 292 to 365 months |

### III. ISSUES TO BE RESOLVED

**1. Whether the two-level enhancement for engaging in distribution, pursuant to USSG § 2G2.2(b)(3)(F), is applicable.**

The defendant argues that the enhancement for distribution should not apply. Pursuant to USSG 2G2.2(b)(3)(F), "[i]f the defendant knowingly engaged in distribution, other than distribution described in subdivisions (A) through (E), increase by [two] levels."

In this case, the FBI agent reviewed two cybertips that were received from MeWe (social media application) that were uploaded by the defendant. Further, they obtained material from MeWe by way of a search warrant. Paragraphs 25 and 26 of the PSR indicate that the images that were part of the cybertip and material received

3

for the search warrant return, depicted "teenage girls, who appeared under 18 years old, fully nude with their vaginas exposed." (PSR ¶¶ 25 and 26.) The action of uploading images to MeWe falls under the definition of distribution. This MeWe account was tied to the defendant. These paragraphs in the PSR were not objected to and support the enhancement. Therefore, the enhancement is properly applied.

2. **Whether application of both the five-level enhancement, pursuant to USSG § 2G2.2(b)(5), for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor and the five-level increase to the offense level, pursuant to USSG § 4B1.5(b)(1), for being a repeat dangerous sex offender is impermissible double counting.**

The defendant objects to applying both enhancements claiming that it constitutes double counting. The defendant does not dispute that his conviction for production of child pornography in violation of 18 U.S.C. § 2251(a) constitutes a "covered sex crime" and is "prohibited sexual conduct." The defendant also does not dispute that he engaged in prohibited sexual conduct with minor children on at least two separate occasions, thus constituting a pattern of activity involving prohibited sexual conduct.

Pursuant to USSG 2G2.2(b)(5), "[i]f the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, increase by [five] levels." Pursuant to 4B1.5(b)(1), "[i]n any case in which the defendant's instant offense of conviction is a covered sex crime, neither 4B1.1 [Career Offender] nor subsection (a) of this guideline applies, and the defendant engaged in a pattern of activin involving prohibited sexual conduct…[t]he offense level shall be [five] plus the offense level determined under Chapters Two and Three." In reviewing this

subsection, the Eighth Circuit has previously held, "the guidelines state that the enhancement for repeat sex offenders is applied in addition to the enhancements found in Chapters Two and Three." *United States v. Jones*, 440 F.3d 927, 929 (8th Cir. 2006).

"Double counting occurs when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been ... accounted for by application of another part of the Guidelines." *Id.* Such double counting is permissible where "(1) the [Sentencing] Commission intended the result and (2) each statutory section concerns conceptually separate notions related to sentencing." *United States v. Hipenbecker,* 115 F.3d 581, 583 (8th Cir. 1997).

The Eighth Circuit has previously held that the simultaneous application of USSG § 2G2.2(b)(5) and USSG § 4B1.5 does not constitute impermissible double counting and may apply both sections simultaneously. *United States v. Bastian*, 650 F. Supp. 2d 849, 863 (N.D. Iowa 2009), aff'd, 603 F.3d 460 (8th Cir. 2010). Therefore, the application of the enhancements in this case is proper.

IV. **GOVERNMENT'S RECOMMENDATION**

The sentencing statutes inform this Court that it must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational

training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). The Court, in determining the particular sentence to be imposed, shall also consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). The sentence must "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

The government will ask the District Court to find a final advisory guideline range of Level 40/Criminal History category I – 292 to 365 months, with a mandatory minimum of 180 months. A sentence within the guideline range is sufficient but not greater than necessary to meet the sentencing goals.

This is an aggravating case in that the defendant placed a hidden camera in his own daughter's bathroom and encouraged her to go in there to take a shower, knowing he would be able to record her undressing. This behavior took place multiple times. In addition, he fed his addiction to child pornography by downloading and uploading child pornography from the internet and on social media applications from at least December 2019. Further, there are images on the laptop that dated back to July 2012. The search terms used by the defendant suggest an interest in incest themed child pornography.

Pursuant to the plea agreement, the government asks that Count Two be dismissed and recommends to the Court that the sentences for Counts One and Three be run concurrently to one another. Additionally, the government requests $3,000 restitution for each of the identified victims that are requesting restitution.

WHEREFORE, the government prays the District Court consider this sentencing memorandum in determining the final sentence of this defendant.

        Respectfully submitted,

        Richard D. Westphal
        United States Attorney

By: */s/ Melisa Zaehringer*
        Melisa K. Zaehringer
        Assistant United States Attorney
        U.S. Courthouse
        131 E. Fourth Street, Suite 310
        Davenport, Iowa 52801
        Tel: (563) 449-5432
        Fax: (563) 449-5433
        Email: melisa.zaehringer@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on Monday, September 19, 2022, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by: __X__ ECF/Electronic filing

UNITED STATES ATTORNEY

By: */s/ Melisa Zaehringer*
    Assistant U.S. Attorney